MILLER, Judge
(dissenting).
It appears to me that the case is being remanded to allow another judge to determine whether or not the trial judge’s determination of credibility was manifestly erroneous. Since appellant failed to establish manifest error on this appeal, I would affirm the trial court’s denial of husband’s prayer for divorce and the award to wife of a judicial separation. Where credibility is at issue, the trial court’s factual determination should have more weight, not less. I respectfully dissent.
I find no support for the statement that there is substantial evidence in the record to prove the wife’s adultery with the milkman Mr. Shaw. The statement that Seal and Taylor saw Mrs. Taylor clothed only in a brassiere and panties standing in the front door with her arms around the milkman “on several occasions” is not correct. Both testified generally to that effect as to one occasion, not several. See Seal’s testimony at Tr. 160, 161 and 163, and Taylor’s testimony at Tr. 170. But the value of these witnesses’ testimony is substantially reduced as I read the record. It was established that the milkman and his wife lived in the second house from the Taylors about 500 feet down the road (Tr. 162); that he made his calls to Mrs. Taylor about noon and parked his prominently marked milk truck in her front yard (Tr. 157); that the calls were made while her children were playing in the yard in front of her house and while workmen were building Seals’ house directly across the street from the Taylor residence. Taylor is a cousin to Mrs. Taylor’s husband and he knew the milkman well from having served with him in the National Guard. Tr. 168. Yet Taylor never spoke or waved to his friend the milkman. Tr. 172. If the trial judge *468 found Seal and Taylor difficult to believe, I’d have to agree. But if one is inclined to accept their testimony, it is disproved by two other witnesses called by plaintiff husband. Tr. 178, 184. These other two witnesses were also working on Seals’ house and they denied seeing anything to suggest an act of adultery. Tr. 182, 187. The husband’s own witnesses are evenly divided as to the milkman’s involvement. All of the other alleged acts of adultery were totally disproved by husband’s own witnesses. Additionally, the wife denied all alleged acts of adultery and the one incident of exposure. Tr. 129.
Another fact not discussed in the majority opinion is that plaintiff husband was represented by three different law firms. One filed suit, another took discovery depositions and tried the case, and still another appealed. A reading of the pleadings followed by a study of the facts as developed by the transcript might well discourage one from representing the plaintiff husband. The original petition alleged many acts of adultery with several named men. Husband took depositions of his own witnesses prior to trial to establish several of the alleged acts of adultery. The results from his point of view were disastrous. One of the witnesses plainly testified in the presence of Mr. Taylor (Tr. 139) that “Mr. Taylor is a liar.” Deposition D-l, page 3.
I find ample evidence in the record to support the trial court’s decision that plaintiff husband failed to prove an alleged act of adultery. The decision is manifestly correct and should be affirmed.
The wife proved her reconventional demand for a judicial separation grounded on cruel treatment. Husband admitted that he hit his wife several times. Tr. 134, 135. He contends that she tolerated this treatment by continuing to live with him. But these acts of cruel treatment are relevant to show a pattern of conduct. There is credible evidence to show that husband pushed wife down the steps when she was six and one-half months pregnant with their last child. Tr. 211. It was well established that he cursed her frequently. Tr. 125, 138, 221, 224. When he was taking her to her mother’s home on the occasion of their last separation, he admits that he cursed her again. This is explained as expressing his displeasure over the fact that she wanted a divorce. This again addresses itself to credibility. The award of the judicial separation to the wife is manifestly correct and should be affirmed.
ALIMONY AND CHILD SUPPORT
Although the record suggests that husband’s earnings were more, wife did not prove the amount. On the husband’s average monthly earnings of about $375, the award of $225 to the wife and two children while leaving only $150 for the husband and one child is manifestly excessive. Husband’s attorney concedes (by brief) that $175 would be proper for the wife, and the evidence supports such an award. The alimony and child support should be changed to $175 per month, with the right reserved to either husband or wife to immediately apply to have future alimony and child support changed.